NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Argued August 7, 2013
Decided August 9, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 12-3218 <br><br> UNITED STATES OF AMERICA, <br>      *Plaintiff-Appellee*, <br><br> *v.* <br><br> JOSE LUIS MACIEL, <br>      *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 10 CR 652 <br> Amy J. St. Eve, *Judge*. |

**Order**

Jose Luis Maciel was sentenced to 188 months' imprisonment after a jury convicted him of distributing cocaine and related offenses. This is the low point of the 188 to 235 month range the district court calculated under the Sentencing Guidelines. Maciel's sole appellate argument is that the district judge should have treated him as a minor participant in the offense, which would have reduced his offense level. U.S.S.G. §3B1.2. He did not request this reduction in the district court, however, and the judge did not commit plain error by deciding not to raise the possibility herself.

A reduction under §3B1.2 depends on a conclusion that the defendant is substantially less culpable than the average participant in the offense. See *United States v. Leiskunas*, 656 F.3d 732, 739 (7th Cir. 2011). Maciel was a major-league courier. The evidence at trial documented his delivery of 20 kilograms of cocaine on one occasion and 45 kilos on another. He was a long-distance truck driver who added drugs to the manifest of legit-

imate cargo, receiving $2,000 for his services after each delivery. Evidence in the record shows that he dealt directly with the top of an organized drug-distribution network and transported cocaine regularly; the prosecutor's decision to stop with proof of two episodes does not imply that these were the limit of his responsibility.

Couriers have received reductions under §3B1.2 when the evidence shows that they were bit players. The situation of Victor Diaz-Rios, to whom Maciel delivered the 45-kilo shipment, illustrates. We concluded that Diaz-Rios was eligible for a reduction (though not necessarily entitled to it) because that delivery was a one-off deal for him, and he did not know the type or quantity of drugs he received. *United States v. Diaz-Rios*, 706 F.3d 795 (7th Cir. 2013). Maciel was a regular, was trusted with million-dollar cargos, and knew exactly what he was carrying. If he had requested a reduction under §3B1.2, the district judge would have been entitled to say no, for these and other reasons. See, e.g., *United States v. Saenz*, 623 F.3d 461, 468 (7th Cir. 2010); *United States v. Gonzales*, 534 F.3d 613, 617 (7th Cir. 2008); *United States v. Mendoza*, 457 F.3d 726, 729–30 (7th Cir. 2006). It follows that the district judge did not commit plain error when she accepted the presentence report's calculation, in the absence of any request by the defendant for a reduction under §3B1.2.

AFFIRMED